IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **BEES 360, INC.** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO._____ |
| | § | |
| **ZHUHUA CAI** | § | |
| | § | |
| *Defendant.* | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Zhuhau Cai ("Cai") files this Notice of Removal under 28 U.S.C. §§ 1441 and 1446, of the above captioned cause to the United States District Court for the Southern District of Texas, Houston Division, and in support would respectfully show the Court as follows:

### INTRODUCTION

On March 18, 2021, Plaintiff filed its Original Petition, styled *Bees360, Inc. v. Zhuhua Cai*, in the 151st Judicial District Court of Harris County, Texas, and docketed as Case No. 2022-16597, for Declaratory Judgment and Attorney's Fees and Costs. Plaintiff's cause of action for Declaratory Judgment seeks to deprive Defendant Cai of his rightful ownership to shares in Bees360, Inc. ("Bees360") directly or indirectly through Cai's 10.1% ownership of Shenzhen Jufeng Intelligent Technology Co., Ltd. ("Jufeng) which Bees360 and Jufeng's board members, and most notably Bees360 and Jufeng's CEO Kun Liu aka Andy Mavers/Andy Liu ("Liu) readily promised and told Cai he owns directly or indirectly as Jufeng's subsidiary. Cai's ownership interest in Bees360, whether directly or indirectly through Jufeng is worth millions of dollars and Plaintiff's declaratory judgment action is a claim attempt to deprive Cai of this valuable asset.

**BASIS FOR REMOVAL**

For a case to be removable based on diversity jurisdiction, "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1079 (5th Cir. 2008) (citation omitted). A district court has diversity jurisdiction over "civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). For the purposes of diversity jurisdiction, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, LLC,* 757 F.3d 481, 483 (5th Cir. 2014).

On March 18, 2021, Plaintiff filed its Original Petition, styled *Bees360, Inc. v. Zhuhua Cai*, in the 151st Judicial District Court of Harris County, Texas, and docketed as Case No. 2022-16597, for Declaratory Judgment and Attorney's Fees and Costs. A copy of the relevant pleading is attached hereto as Exhibit "C". The Citation was sent out via Certified Registered Mail and was received by Defendant on March 21, 2022. As such, it is beyond dispute that this Notice is timely filed under 28 U.S.C. §1446.

Plaintiff has averred in its Original Petition the following: 1) Plaintiff Bees360, is a Delaware Corporation doing business in Harris County, Texas and 2) Defendant Cai is a citizen of the State of California. [Exhibit "C" at ¶¶ 1-2]. As such, it is beyond dispute that there exists complete diversity between Plaintiff and Defendant.

Plaintiff also averred in its Original Petition that it a declaration from the Court stating that Cai and Jufeng are not owners in any proportion of Bees360 and are not otherwise entitled to make

demand to inspect Bees360's books and records [*Id.* at ¶¶ 10-20]. Additionally, Plaintiff averred in its Original Petition a count for costs and reasonable and necessary attorney's fees. [*Id.* at ¶¶ 21-22].

The Fifth Circuit has long held that if no amount of damages has been alleged in the state court petition, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995). Thus, to satisfy the $75,000.00 controversy, Defendant Cai must show via the preponderance of evidence that value of the right to be declared is worth $75,000.00 or more. *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). *See also Allstate Ins. Co. v. Hilbun*, 692 F. Supp. 698, 700 (S.D. Miss. 1988) ("In actions for declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation."); *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 536 (5th Cir. 1990) ("[A]ttorney's fees may be included in determining the jurisdictional amount."); *Allen v. R H Oil Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (The test is whether it is more likely than not that the amount of the claim will exceed the amount in controversary requirement).

As set forth and demonstrated in Defendant's Cai's Declaration and the exhibits attached therein, it is more likely than not that the value of the right to be declared, here Cai's entitlement to shares of Bees360, whether legal or equitable, is worth well above $75,000.00. *See* Exhibit "F" attached hereto. More specifically, Cai's Declaration and the exhibits attached therein demonstrate the following:

- In early 2017, Cai, Liu, and Xiaoqing Wu ("Wu") discussed and planned to work together to create an AI technology company in China that would later operate in the United States.

- In August 2017, Cai paid $50,000 USD for at least 25% or more shares in NewCo, a to-be-formed company in China.
- A month later, in September 2017, the to-be-formed company was formed. Specifically, the trio formed the Chinese entity Shenzhen Jufeng Intelligent Technology Co., Ltd. ("Jufeng").  Liu became the Chief Executive Officer ("CEO") Wu became the Chief Operating Officer ("COO") and Cai the Chief Technical Officer ("CTO") of of Jufeng.
- Thereafter, on several different occasions between October 2017 and the founding of Bees360, Liu specifically informed and promised Cai that Jufeng was going to own and operate a subsidiary company in the United States called Bees360 which was to serve as the innovator of deep learning focuses on bringing AI and drone solutions to property inspections.  Liu and Wu also told and promised Cai that in addition to being a shareholder of Bees360 directly or indirectly through Jufeng and receiving dividends from my shares, he would be one of Bees360's founders and lead Bees360's R&D team.
- In early January 2018, Bees360, Inc. was created and founded in the State of Delaware.  Thereafter, Bees360 designated its principal place of business as Houston, Texas.  More specifically, since its founding, Bees360 has operated from its principal place of business at 2825 Wilcrest Dr., Suite 270, Houston, Texas, 77042.
- Since their founding, Liu, Wu and Cai served as the CEO, COO and CTO of both Jufeng and Bees360. In 2018, Liu and Cai f served as the directors of Jufeng. Both Liu and Wu have and continue to serve as directors of both Bees360 and Jufeng.
- On numerous occasions in 2017 and 2018, Liu and Wu repeatedly informed and confirmed to Cai that Jufeng operates and controls Bees360 and that Bees360 shall become a wholly owned subsidiary of Jufeng.
- Given these representations and the promises made to Cai by Liu and Wu, Cai agreed to help found Bees360 and work as the head of its R&D. As Bees360 was a startup, Cai took very little salary, approximately $2,300.00 a month for all his hard and innovative work because he was promised shares in Bees360 (whether directly or indirectly via his Jufeng shares).  In short, the reason Cai agreed to such a small salary was because the primary benefit he was being given was the shares of Bees360 along with the prospect of the shares increasing and appreciating in value
- In August 2018, Cai and Liu had a falling out, and as a result, Cai left Bees360 and reduced his ownership in Jufeng to 10.1%.
- Following Cai's departure from Bees360, Cai then entrusted his Jufeng shares to Ms. Ruitao Peng ("Peng") via a document entitled "Entrusted Shareholding Agreement" ("Trust Agreement").
- Peng violated her fiduciary duty to Cai as she failed to obtain Cai's consent or even discuss with Cai before she voted on his behalf in approving certain major resolutions of Jufeng.

- In any event, on or about April 16, 2021, Cai terminated the Trust Agreement with Peng via written notice of cancellation. The reason Cai terminated the Trust Agreement was because he had heard that Bees360 was having great success and growth, yet he received no dividends related to his shares and wanted to conduct a valuation of his Jufeng shares given Jufeng's primary asset, Bees360 appeared to be greatly appreciating in value.
- Given Bees360's high and growing revenue of at least $5,000,000 annually, Cai is owed at least $200,000 in dividends for his 10.1% ownership interest given that the expenses would have been lower than most startups as Cai personally developed the technology behind Bees360 for a measly $2,300 a month salary to help Bees360 get off the ground. As previously stated, the reason Cai took such a low salary was because he was promised that his compensation would be his ownership interest in Bees360 (direct interest or indirect interest via Jufeng).
- According to published data, Bees360 is doing quite well and has been earning approximately $5,000,000 a year in revenue since 2019.
- By virtue of Cai's experience in the business world, he is knowledgeable and familiar with the methods of valuation for a tech startup. One known and widely used valuation method is the Enterprise Valuation ("EV") formula. More specifically, EV uses the following formula: Multiplier * Gross Revenue.
- As the gross revenue for Bees360 is approximately $5,000,000 annually, even using the most conservative evaluation for a startup with the assumption Bees360 grows very slowly, the multiple is between 1-3; the multiple is around 10-20 for fast growing companies like Bees360.
- Accordingly, Cai's 10.1% ownership interest in Bees360 should be valued or is worth at least $500,000 or more ($5,000,000 *10.1% interest).
- As such, the value of Cai's ownership rights in Bees360 to be declared is worth at least $700,000.00 (value of shares-$500,000 + lost dividends-$200,000).

See CAI'S SWORN DECLARATION-Exhibit "F" along with Exhibits 1 and 2 attached to the Declaration.

Accordingly, as Exhibits "C" and "F" with attached exhibits amply demonstrate, the action pending in the state court is a civil action within the original diversity jurisdiction of the federal district courts under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between

the litigants as Defendant Cai is unquestionably a citizen of a different state-California and the amount in controversy exceeds $75,000.[1]

### NOTICE AND CONSENT

Under 28 U.S.C. § 1446(d), prompt written notice of the filing of this Notice of Removal will be provided to all parties, and a true and correct copy will be filed with the Harris County District Clerk in Case No. 2022-16597 (151st District Court of Harris County, Texas). Attached is the Index of Matters Being Filed (Index); a true and correct copy of the relevant filings and exhibits set forth in the Index; the List of Counsel; and Civil Cover Sheet.

WHEREFORE, PREMISES CONSIDERED, Zhuhua Cai prays that the action now pending in the 151st Judicial District Court of Harris County, Texas, as described herein be removed to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

**BOGC LEGAL, PLLC**

By: */s/ Brian M. Gargano*
    Brian M. Gargano (Attorney-in-Charge)
    Federal Bar No. 3082070
    Brian.Gargano@bogclegal.com
    Jiangang "James" Ou
    Federal Bar No. 3435797
    James.Ou@bogclegal.com
    3040 Post Oak Blvd, Suite 1800-150
    Houston, Texas 77056
    Telephone: (713) 970-1066
    Fax: (713) 580-9518

*Counsel for Defendant*

---

[1] The estimated attorney's fees and costs Plaintiff has requested is more likely than not to exceed $75,000.00.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that in accordance with the Federal and Local rules the foregoing document is being filed on this 30th day of March 2022 via the Court's CM/ECF filing system, which will serve a copy electronically on all counsel of record.

/s/ *Brian M. Gargano*
Brian M. Gargano