Case 4:22-cv-01035   Document 1-3   Filed on 03/30/22 in TXSD   Page 1 of 12

3/18/2022 2:04 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 62747111
By: Chandra Lawson
Filed: 3/18/2022 1:30 PM

CAUSE NO._____

| | | |
|---|---|---|
| BEES360, INC. | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| *vs.* | § | HARRIS COUNTY, TEXAS |
| | § | |
| ZHUHUA CAI | § | |
| | § | |
| *Defendant.* | § | |
| | § | \_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION
## AND REQUEST FOR DISCLOSURE

Bees360, Inc. ("Bees360") files its Original Petition and would respectfully show as follows:

### I. INTRODUCTION

This lawsuit stems from an unsupported demand by Defendant Zhuhua Cai ("Zhuhua") that he is entitled to inspect the books and records of Bees360. The demand rests on the completely baseless assertion that Zhuhua is a "founder" and "rightful shareholder" of Bees360. Neither assertion is true and, as such, Zhuhua has no basis or right to demand an inspection of the books and records of Bees360. Accordingly, Bees360 files this lawsuit to seek a declaration as to the same from the Court.

### II. PARTIES

1. Bees360, Inc. is a Delaware corporation doing business in Harris County, Texas.

2. Zhuhua Cai is a citizen of the State of California. He may be served with process at 1517 Montalto Drive, Mountain View, California 94040 or wherever he may be found.

Page | 1

### III.  JURISDICTION AND VENUE

3. Jurisdiction is also proper and maintainable in this Court because the claims arise under Texas law, a judicial controversy exists as to the rights and status of the parties, and the controversy will be resolved by the declaration sought.

4. Venue is proper in Harris County, Texas under TEX. CIV. PRAC. & REM. CODE 15.002(a)(4).

### IV.  FACTUAL BACKGROUND

5. Bees360 was formed in January 2018 as a Delaware corporation. It subsequently registered with the Texas Secretary of State to conduct business, and have its principal office, in Harris County, Texas.

6. Bees360 is a leading innovator in deep learning and computer vision technology. It is focused on applying advanced technologies to create innovative solutions for the insurance industry and has pioneered the use of artificial intelligence ("AI") and drone technologies to assess and adjust property damage and conduct underwriting inspections.

7. On August 18, 2020, Shenzhen Jufeng Intelligent Technology Co., Ltd. ("JIT") and Bees360 entered into a services agreement requiring JIT to perform software development services for Bees360.

8. The relevant provisions of the agreement were as follows:  1) Bees360 would provide strategic planning for the project along with a reasonable timetable; 2) JIT would develop the software platform to Bees360's specifications and would do so in a reasonable time period; 3) Bees360 and JIT would collaborate and provide each other with any necessary report; and 4) Bees360 would promptly pay JIT.

9. In exchange for these services, Bees360 paid JIT $13,000.

10. On March 11, 2022, Zhuhua's attorney, located in Houston, Harris County, Texas, sent a sworn demand to Bees360 seeking the ability to inspect Bees360's books and records at Bees360's principal office, located in Houston, Harris County, Texas. Exhibit A. Zhuhua claimed this right by virtue of being a "founder of Bees360, Inc. and as a rightful shareholder since 2018 of 10.1% of [JIT] which owns and operates Bees360 as a subsidiary." Both contentions are patently false.

11. Zhuhua is a minority shareholder of JIT and owns 10.1% of JIT indirectly through an Entrustment Agreement between him and Ruitao Peng.

12. Absolutely none of the consideration provided by Bees360 to JIT for JIT's work included any stock or equity in Bees360. Both Bees360 and JIT satisfactorily completed their obligations under the services agreement.

13. At all times, the business relationship between Bees360 and JIT has been an arms-length relationship between two wholly distinct business entities.

14. Neither Zhuhua nor JIT own, nor have ever owned, any stock, equity, or ownership interest in Bees360, Inc.

15. Further, Zhuhua is not a founder of Bees360.

16. As JIT does not own any stock, equity, or ownership interests in Bees360, it goes without saying that JIT does not own and operate Bees360 as a subsidiary.

17. As to Bees360, Zhuhua and JIT are strangers and have none of the rights typically afforded to owners or equity holders. Nevertheless, Zhuhua has made demand to inspect Bees360's books and records. As a result, a case and controversy regarding the parties' rights and obligations, and lack thereof, has arisen and Bees360 seeks a declaration from the Court stating that neither

Zhuhua nor JIT are owners of Bees360 or otherwise entitled to make demand to inspect Bees360's books and records.

## V. CAUSES OF ACTION

*Count One – Request for Declaratory Judgment*

18. The foregoing is incorporated as if fully restated herein.

19. A justiciable controversy exists concerning whether Zhuhua Cai or Shenzhen Jufeng Intelligent Technology Co., Ltd. are owners in any proportion of Bees360 or are otherwise entitled to make demand to inspect Bees360's books and records.

20. Pursuant to Section 37.004 of the Texas Civil Practice & Remedies Code, Plaintiff requests a declaratory judgment that Zhuhua Cai and Shenzhen Jufeng Intelligent Technology Co., Ltd. are not owners in any proportion of Bees360 and are not otherwise entitled to make demand to inspect Bees360's books and records.

*Count Two – Request for Costs and Reasonable and Necessary Attorneys' Fees*

21. The foregoing is incorporated as if fully restated herein.

22. Pursuant to Section 37.009 of the Texas Civil Practice & Remedies Code, Plaintiff requests that the Court award Plaintiff its costs and reasonable and necessary attorneys' fees as are equitable and just.

## VI. DISCOVERY CONTROL PLAN

23. Discovery in this case is intended to be conducted under Level 2 of Texas Rule of Civil Procedure 190.3.

VII.     **CONDITIONS PRECEDENT**

24.     All conditions precedent have been performed or have occurred.

VIII.    **REQUEST FOR DISCLOSURE**

25.     Bees360 requests that Defendant provide the disclosures required by Texas Rule of Civil Procedure 194 within the required time.

IX.     **PRAYER**

Plaintiff Bees360, Inc. that Defendant be cited to appear and answer, and that upon final trial of this cause, it would have judgment on the grounds and causes of action as stated, award Plaintiff a declaratory judgment that Shenzhen Jufeng Intelligent Technology Co., Ltd. and Zhuhua Cai are not owners in any proportion of Bees360 and are not otherwise entitled to make demand to inspect Bees360's books and records, attorneys' fees and costs of court, and any such other and further relief to which it may be justly entitled.

**DATED**:  March 18, 2022

Respectfully submitted,

_/s/ Varant Yegparian_
Varant Yegparian
State Bar No. 24070893
Brandon S. Winchester
State Bar No. 24079590
SCHIFFER HICKS JOHNSON, PLLC
700 Louisiana, Suite 2650
Houston, Texas 77002
Tel:  713-357-5150
Fax:  713-357-5160
vyegparian@shjlawfirm.com
bwinchester@shjlawfirm.com

ATTORNEYS FOR PLAINTIFF

3/18/2022 2:04:00 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 62747111
By: LAWSON, CHANDRA K
Filed: 3/18/2022 1:30:00 PM



## BOGC LEGAL

3040 Post Oak Blvd, Suite 1800-150 Houston, TX 77056
Brian.Gargano@BOGCLegal.com
T: 713.970.1066     F: 713.583.9518

March 11, 2022

*Via FedEx and Electronic Mail*:
Mr. Kun Liu
Bees360, Inc.
2825 Wilcrest Dr.
Suite 270
Houston, TX 77042
Email: kun.liu@bees360.com, liukunofcumt@gmail.com

Exhibit A

### Re: Sworn Demand for Inspection of Books and Records of Bees360, Inc.

Dear Mr. Liu,

    We represent Mr. Zhuhua Cai, founder of Bees360, Inc. ("Bees360) and as rightful shareholder since September 2018 of 10.1% of Shenzhen Jufeng Intelligent Technology Co., Ltd. ("Jufeng") which owns and operates Bees360 as a subsidiary. As set forth in Mr. Cai's attached sworn declaration, by virtue of Mr. Cai's status as a Jufeng major shareholder and under his statutory and common-law rights as a shareholder of the parent company of Bees360, Mr. Cai hereby demands the right (by its attorneys, consultants, or other agents), during the usual hours of business and at Bees360's principal place of business, to inspect certain books and records of Jufeng's subsidiary company Bees360 as well as to make copies or extracts of the same within five (5) business days of the date of this demand. As Mr. Cai's attorneys and agent, we shall conduct the inspection. Attached to this Letter is the requisite fully executed Power of Attorney authorizing us to issue the instant demand and inspect the corporate books and records of Bees360 on Mr. Cai's behalf.

    Indeed, Mr. Cai's demand for inspection is proper and valid under either Delaware or Texas law.[1]  While Bees360's principal place of business is in the State of

---

[1] It is arguable that while Bees360 was registered in Delaware, its principal place of business is in Texas and a Texas court may find that a foreign corporation with its principal place of business and its corporate records in Texas is subject to Texas law including Texas inspection laws. *See Williams v. Freeport Sulphur Co.*, 40 S.W.2d 817 (Tex. Civ. App. 1931). Applying Texas law over Delaware law makes no difference here. Texas courts have long held that shareholders of a corporation are equitable or beneficial owners of the corporation's assets. *Martin v. Martin, Martin, Richards, Inc.*, 12 S.W.3d 120, 124 (Tex. App.-Fort Worth 1999, no pet.). As such, it is beyond dispute that under Texas law a shareholder of a corporation has the right to inspect the books and records of all subsidiaries of that corporation. *Cotton v. Weatherford Bancshares, Inc.*, 187 S.W.3d 687, 697 (Tex. App.—Fort Worth 2006, pet. denied). The purpose of Mr. Cai's demand for inspection under Texas law is proper as Mr. Cai seeks to determine the financial performance of Bees360 and other information that bears ultimately on the value of his

Texas (where the corporate books and records are housed), Bees360 was incorporated in the State of Delaware. As under Texas law, the inspection of the books and records is deemed an "internal affair" Delaware substantive law governs Mr. Cai's statutory shareholder inspection rights related to Bees360. *See Hartman Income Reit, Inc. v. Mackenzie Blue Ridge Fund*, No. 01-20-00218-CV (Tex. App.—Houston [1st Dist.] Jan. 27, 2022) (citing TEX. BUS. ORGS. CODE § 1.105). As such, Section 220 of the Delaware General Corporation Law applies, and Mr. Cai's demand is made under his statutory shareholder inspection rights under Section 220 and his common-law rights under Delaware case law.

Section 220 provides that any stockholder who makes a request in writing and under oath has the right "to inspect for any proper purpose, and to make copies and extracts from: the corporation's stock ledger, a list of its stockholders, and its other books and records." Moreover, Section 220(b)(2) specifically provides for inspection of subsidiaries which states "any stockholder, in person or by attorney or other agent, shall, upon written demand under oath stating the purpose thereof, have the right during the usual hours for business to inspect for any proper purpose, and to make copies and extracts from:

> (2) A subsidiary's books and records, to the extent that:
>
>> a. The corporation has actual possession and control of such records of such subsidiary; or
>> b. The corporation could obtain such records through the exercise of control over such subsidiary provided that as of the date of the making of the demand:
>>> 1. The stockholder inspection of such books and records of the subsidiary would not constitute a breach of an agreement between the corporation or the subsidiary and a person or persons not affiliated with the corporation; and
>>> 2. The subsidiary would not have the right under the law applicable to it to deny the corporation access to such books and records upon demand by the corporation."

The purpose of Mr. Cai's sworn demand for inspection is proper as Mr. Cai seeks to determine the financial performance of Bees360 and other information that bears ultimately on the value of his shareholder's ownership interest including but not limited to determining the value of his shares, communicate with other shareholders as to Bees360's performance and whether additional capital is needed for further growth, and to ascertain whether there is any mismanagement or waste going on at Bees360 that would negatively impact the value of his ownership interest. *See generally AmerisourceBergen Corp. v. Lebanon Cty. Employees' Ret. Fund*, 243 A.3d 417 (Del. Dec. 10, 2020); *Se. Pa. Transp. Auth. v. AbbVie, Inc.*, 2015 WL 1753033, at *11 (Del. Ch. Apr. 15, 2015).

---

shareholder's ownership interest, communicate with other shareholders as to Bees360's performance and whether additional capital is needed for further growth, and to ascertain whether there is any mismanagement or waste going on at Bees360 that would negatively impact the value of his ownership interest. *See Chavco Investment Company, Inc. v. Pybus*, 613 S.W.2d 806, 808 (Tex. Civ. App.— Houston [14th Dist.] 1981, writ ref'd n.r.e.).

Specifically, Mr. Cai demands to inspect the following books and records of Bees360 for the purposes as stated above which are reasonably related to Mr. Cai's interest as a shareholder of the parent company of Bees360:

1. All certificates of stocks issued to any shareholders from 2018 to the present time;
2. All shareholders registries, as amended from time to time, showing the name, address, and other information of the Corporation's owners;
3. All Subscription Agreement(s) and/or Share Purchase Agreement(s) under which the Corporation sold its stocks to any entity from 2018 to the present time;
4. All resolution or unanimous consent of the directors of the Corporation from 2018 to the present time;
5. All minutes or notes of meeting of the Directors of the Corporation from 2018 to the present time;
6. All income statement, balance sheet, statement of cash flow, and statement of shareholder' equity from 2018 to the present time;
7. All lease or rental agreement executed by the Corporation or any subsidiary of the Corporation from 2018 to the present time;
8. Annual reports since Bees360's founding;
9. State and Federal Tax returns since 2018;
10. All corporate book, ledger or other record evidencing the shareholders and the equity interest of each respective shareholder in the Corporation from 2018 to the present time; and
11. All bylaws of the Corporation, as amended from time to time.

As Mr. Cai's right for inspection is well-established under Section 220 and Delaware common-law, we trust that you will be able to get back to us within the statutory prescribed five (5) day window as set forth in Section 220(c) to schedule a convenient date and time for us to conduct the demanded inspection on Mr. Cai's behalf.

If you have any questions or desire to discuss this matter further, please do not hesitate to contact me via email at Brian.Gargano@bogclegal.com or on my cell at (315) 877-4577.

Thank you and we look forward to hearing from you soon.

Very Truly Yours,

*/s/ Brian M. Gargano Esq.*
Brian M. Gargano Esq.

Enclosures
cc: Mr. Zhuhua Cai  caizhua@gmail.com
cc: Mr. Jiangang ("James") Ou Esq.  James.Ou@bogclegal.com

**DECLARATION OF ZHUHUA CAI FOR DEMAND LETTER TO BEES360**

I declare under perjury the following is true and correct:

1. My name is Zhuhua Cai. I am over 18 years of age, of sound mind, and capable of making this declaration. The facts stated herein as well as in the Demand Letter for Inspection prepared by my attorneys on my behalf are within my personal knowledge and are true and correct.

2. I am one of the founders of Bees360, Inc. ("Bees360). Since September 2018 I have owned 10.1% of Shenzhen Jufeng Intelligent Technology Co., Ltd. ("Jufeng") which owns and operates Bees360 as a subsidiary.

3. Bees360 was incorporated in Delaware but has its principal place of business and operates in the State of Texas.

4. As Bees360 is a subsidiary of Jufeng, it is one of if not the most significant asset Jufeng has. As such, the financial performance of Bees360 directly impacts the valuation of my Jufeng shares.

5. To my surprise and concern, despite my status as a major shareholder of Bees360's parent company, I have never received any information as to Bees360's financial performance, the list of Bees360's shareholders, and any of Bees360's corporate documents.

6. As such, it is impossible for me to value my Jufeng shares without knowing the financial performance of Bees360, which again is Jufeng's most important asset.

7. As set forth in the Demand Letter, the purpose of my demand for inspection is proper as I seek to: a) determine the financial performance of Bees360 and other information that bears ultimately on the value of my shareholder's ownership interest including but not

*[signature]*

limited to determining the value of my shares, b) communicate with other shareholders as to Bees360's performance and whether additional capital is needed for further growth, and c) ascertain whether there is any mismanagement or waste going on at Bees360 that would negatively impact the value of my ownership interest.

### JURAT

My name is Zhuhua Cai, my date of birth is November 9, 1985, and my address is 1517 Montalto Dr, Mountain View, CA 94040. I declare under penalty of perjury that every statement in the foregoing and made in the Demand Letter is within my personal knowledge and is true and correct.

Executed in Santa Clara County, State of California, on Thursday, March 10, 2022.

_____
Zhuhua Cai

3/18/2022 2:04:00 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 62747111
By: LAWSON, CHANDRA K
Filed: 3/18/2022 1:30:00 PM

# Limited Power of Attorney

BE IT ACKNOWLEDGED that I, Zhuhua Cai (Full Name), of 1517 Montalto Dr, Mountain View, CA 94040, the undersigned, do hereby grant a limited and specific power of attorney to Brian Gargano and Jiangang Ou (Full Name), of 3040 Post Oak Blvd Suite 1800-150, 315-877-4577
Address                                                                 Phone
as my attorney-in-fact.

Said attorney-in-fact shall have full power and authority to undertake and perform only the following acts on my behalf:

1. To issue and enforce my demand to inspect the corporate books and records of Bees360, Inc
2. To inspect the books and records of Bees360, Inc.
3. 

The authority herein shall include such incidental acts as are reasonably required to carry out and perform the specific authorities granted herein.

My attorney-in-fact agrees to accept this appointment subject to its terms, and agrees to act and perform in said fiduciary capacity consistent with my best interest, as my attorney-in-fact in its discretion deems advisable.

This power of attorney is effective upon execution. This power of attorney may be revoked by me at any time, and shall automatically be revoked upon my death, provided any person relying on this power of attorney shall have full rights to accept and reply upon the authority of my attorney-in-fact until in receipt of actual notice of revocation.

Signed this 11 day of March, 2022.

_Zhuhua Cai_
Signature

State of California
County of Santa Clara

This document was acknowledged before me on 03/11/2022 (Date), by Zhuhua Cai (Name of Principal).

_Samantha C._
Signature of Notary
My commission expires 06/09/2025

[Notary Seal: SAMANTHA K. CLEMENTE, Notary Public, California, Santa Clara County]

Page 1 of 1

3/18/2022 2:04:00 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 62747111
By: LAWSON, CHANDRA K
Filed: 3/18/2022 1:30:00 PM

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Brandon Winchester on behalf of Brandon Winchester
Bar No. 24079590
bwinchester@shjlawfirm.com
Envelope ID: 62747111
Status as of 3/18/2022 2:11 PM CST

Associated Case Party: Bees360, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Brandon S.Winchester | | bwinchester@shjlawfirm.com | 3/18/2022 2:04:07 PM | SENT |
| Varant Yegparian | | vyegparian@shjlawfirm.com | 3/18/2022 2:04:07 PM | SENT |
| Jennifer Hutchison | | jhutchison@shjlawfirm.com | 3/18/2022 2:04:07 PM | SENT |