Case 4:22-cv-01035   Document 67   Filed on 03/31/25 in TXSD   Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
March 31, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BEES360 INC, § | CIVIL ACTION NO |
| Plaintiff, § | 4:22-cv-01035 |
| § | |
| vs. § | JUDGE CHARLES ESKRIDGE |
| § | |
| ZHUHUA CAI, *et al*, § | |
| Defendants. § | |

OPINION AND ORDER
GRANTING MOTION TO DISMISS

The motion by Plaintiff Bees360, Inc, to dismiss counterclaims asserted by Defendant Zhuhua Cai for failure to join an indispensable party is granted. Dkt 62. Its further request to dismiss this entire action under Rule 12(b)(7) of the Federal Rules of Civil Procedure is also granted. Id at 23.

This action and all claims are dismissed without prejudice. Alternative grounds presented by Bees360 as to *forum non conveniens* needn't be addressed.

1. Background

The relationships underlying this dispute date back almost eight years. The following assertions are largely drawn from the second amended counterclaims by Zhuhua Cai and are assumed to be true for purposes of the present motion to dismiss. See Dkt 59.

In July 2017, Cai worked with Khun Liu and Xiaoqing Wu to create an artificial-intelligence company in the United States. The citizenship and residency of Cai, Liu, and Wu are curiously unclear on the record. Cai alleges himself to be a US citizen residing in California. Id at ¶1. And he alleges Liu and Wu are residents of Texas, while

saying nothing of their citizenship. Id at ¶¶3–4. But an agreement between them in January 2018 (as described further below) lists them all as Chinese citizens. Dkt 29-1 at 4.

In any event, this artificial-intelligence company would eventually be named Bees360, Inc. Dkt 59 at ¶11. Bees360 was anticipated to be a corporation organized and existing in the United States. But the trio also envisioned that a Chinese shell company would hold Bees360. Id at ¶13. This shell company would become Shenzen Jufung Intelligent Technology Co, Ltd, to which the parties refer as *JIT*. Id at ¶14.

A few months after their initial collaboration, the trio signed what they call the *Founders' Agreement*, which stated that JIT would be registered in China and would own "all related technologies." Id at ¶24. Cai alleges that Wu and Liu agreed that the phrase "all related technology" included Bees360, of which Cai would be recognized as a founder. Id at ¶25. Cai then paid Wu $50,000 for twenty-five percent of the shares of JIT to fund the creation of Bees360. Ibid.

In September 2017, one month after the agreement was signed, the trio officially formed JIT. Id at ¶29. As anticipated, JIT is a Chinese company located in Shenzhen, China. Id at ¶1. Liu became the CEO, Wu became the COO, and Cai became the CTO. Ibid. Throughout this period, Liu reaffirmed to Cai that (i) JIT was a holding company for Bees360, (ii) Cai had equal shares in all companies affiliated with JIT, and (iii) Cai was recognized as one of the founders of Bees360. Id at ¶30. Cai alleges that Liu and Wu promised him equity in Bees360 in exchange for a lower startup salary. Id at ¶32. In reliance on these promises, Cai gave up a substantial annual salary in Silicon Valley. Id at ¶34.

For the next two months, Cai and Liu lived together in China and worked for JIT. Id at ¶31. In January 2018, Bees360 was created and founded in Delaware, with its principal place of business in Houston, Texas. Id at ¶38.

2

Liu and Wu sent Cai what they all refer to as the *Uniform Action Agreement*, which stated that its terms applied to both JIT "and its holding subsidiaries already established *or to be established in the future* (including affiliate companies outside China, *such as Bees360, Inc*.)." Id at ¶40 (emphasis added). Cai took this to mean JIT would soon fulfill its purpose and acquire Bees360. Cai pressed Liu and Wu "as to when JIT would formally make Bees360 JIT's subsidiary." Id at ¶43. Both men promised Cai that they would do so "within the year." Id at ¶44.

In June 2018, communications broke down among the trio. Id at ¶51. Cai left his employment at JIT and entered into a separation agreement with Liu and Wu that reduced his ownership in JIT to just over ten percent. Id at ¶52. Cai alleges that the agreement stated that (i) Bees360 "is just the operating body of JIT," (ii) JIT "provided all the operational fund for Bees360," and (iii) JIT would "realize its equity benefits in Bees360 within a reasonable amount of time." Id at ¶54. He alleges that this "is consistent with and reaffirms" oral promises by Liu and Wu to (and their agreement with) Cai that "JIT and Bees360 would formally make Bees360 its wholly owned subsidiary 'within the year.'" Ibid.

As of April 2021, Cai hadn't received any dividends related to his shares. Id at ¶¶60–61. Upon hearing that Bees360 made $5 million in annual revenue, Cai wanted to conduct a valuation of its financial performance. Ibid. Wu and Liu ignored his demands. Id at ¶70.

Seven months later, Cai sent a written demand to JIT for information relating to its financial performance and that of Bees360. Ibid. The demand was once again ignored. Id at ¶71.

In March 2022, Cai obtained counsel and sent another written demand to inspect Bees360's financial records. Id at ¶73. Wu and Liu responded that Cai and JIT weren't owners of Bees360, and that they thus weren't entitled to demand inspection of its financial records. Id at ¶76.

3

Bees360 then sued Cai in Texas state court, seeking a declaration that Cai and JIT weren't owners of Bees360. Id at ¶77. Cai removed to federal court and filed separate counterclaims and a third-party complaint against Wu, Liu, and Bees360. See Dkts 4 & 5.

Bees360 brought a motion to dismiss the counterclaims and third-party complaint by Cai under Rule 12(b)(6). Dkt 20. Cai amended his pleadings. See Dkts 22 & 23. Bees360 then renewed its motion to dismiss, again under Rule 12(b)(6). Dkt 30.

Notably absent as a named party in any of the pleadings was JIT. At hearing on the motion, the parties were thus ordered to brief whether JIT was an indispensable party to Cai's claims. Dkt 52. Cai in response requested leave to further amend and narrow his counterclaims. Dkt 53. That was granted. Dkt 55.

Cai then filed his second amended counterclaim and third-party complaint. Dkts 59, 60 & 61. He alleges in his counterclaim that (i) Liu and Wu had "no intention" of the Chinese shell company JIT serving as the holding company for Bees360, (ii) Liu and Wu should have known that such a corporate structure was "improbable," as it required approval by the US government, and (iii) the trio was mistaken that US law would permit such a corporate structure, or that the structure could exist without approval by the US government. Dkt 59 at ¶14. He emphasizes that he didn't know that JIT couldn't serve as the holding company for Bees360. Id at ¶15. He also claims that Liu and Wu knew or should have known that the US government wouldn't approve ownership by a Chinese shell corporation of Bees360 because it's an artificial-intelligence company. Id at ¶¶16–17, 26–28.

Cai thus states claims against Bees360, Liu, and Wu for fraud or fraudulent inducement, negligent misrepresentation, breach of contract, promissory estoppel, and *quantum meruit*. Id at ¶¶87–119. He also alleges breach of fiduciary duty and conspiracy solely against Liu and Wu. Id at ¶¶120–133.

4

For its part, the original complaint by Bees360 seeks a declaratory judgment that neither Cai nor JIT are owners of Bees360. Dkt 1-3 at ¶¶18–20.

Pending is a renewed motion by Bees360 to dismiss for failure to join JIT as an indispensable party and for *forum non conveniens*. Dkt 62. Only the first ground will be considered, as it is determinative of this entire action.

2. Legal standard

Chief Judge Lee Rosenthal recently set out the applicable standards that control analysis under Rule 12(b)(7) of the Federal Rules of Civil Procedure in *Sullivan v Feldman*, 2022 WL 17822451, at **7–8 (SD Tex), affirmed in part and reversed on other grounds 2025 WL 758029 (5th Cir). The following largely replicates her statement there.

Rule 12(b)(7) provides for dismissal of an action if a litigant fails to join a party under Rule 19. This allows a defendant to identify a person or entity that isn't named in the suit, assert that the absent person or entity's participation is critical, and ask the court to join that person or entity (if possible) or potentially dismiss the suit (if not). The court on such a motion must accept the allegations of the subject pleading as true. *Davis Companies v Emerald Casino, Inc*, 268 F3d 477, 479 n2 (7th Cir 2001). The moving defendant has the burden of showing that a party must be joined for just adjudication. For example, see *Ploog v HomeSide Lending, Inc*, 209 F Supp 2d 863, 873 (ND Ill 2002): "The proponent of a Rule 12(b)(7) motion to dismiss has the burden of producing evidence which shows the nature of the absent party's interest and that the protection of that interest will be impaired or impeded by the absence."

*Under Rule 19(a),* it is first determined whether the absent party is required to be joined. See *HS Resources, Inc v Wingate*, 327 F3d 432, 439 (5th Cir 2003). Rule 19(a)(1) directs the court to consider whether (i) complete relief can be granted among the existing parties, without joining the absent party, or (ii) the absent person or entity claims an

5

interest relating to the action and is so situated that, if the action is resolved in their absence, their ability to protect their own interest will be impaired or impeded or existing parties might be subject to a substantial risk of multiple or inconsistent obligations. In essence, the issue is whether the court may order "meaningful" relief—defined as relief that would achieve the objective of the lawsuit—without adding the absent party. See *Disabled Rights Action Committee v Las Vegas Events, Inc*, 375 F3d 861, 979 (9th Cir 2004).

A plaintiff isn't required to name all tortfeasors in a single action. See *Temple v Synthes Corp, Ltd*, 498 US 5, 7 (1990); *Nottingham v General American Communications Corp*, 811 F2d 873, 880 (5th Cir 1987). The Committee Notes to Rule 19(a) state that "a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability." *Temple*, 498 US at 7 (quoting 28 USC App, at 595). As stated by the Seventh Circuit, "If persons subject to rights of indemnity or contribution were always indispensable parties, there would not be a need for the impleader provisions of Rule 14." *Pasco International (London) Ltd v Stenograph Corp*, 637 F2d 496, 503 (7th Cir 1980).

As noted, the second category of required parties under Rule 19(a)(1) is parties that claim an "interest relating to the subject of the action." An absent person's interest must be such that joinder is required to protect either the absent person or the existing parties. The absent person is a required party if that person claims an interest relating to the action and, as a practical matter, that interest might be impaired or impeded if the case is resolved in the person's absence. The absent person is also a required party if in his absence, the existing parties would be subject to a substantial risk of multiple or inconsistent obligations. A "Rule 12(b)(7) motion will not be granted because of a vague possibility that persons who are not parties may have an interest in the action." 5A Charles Alan Wright & Arthur Miller, FEDERAL PRACTICE AND PROCEDURE § 1359. Instead, the moving party must show that an absent party

must be joined for just adjudication. *Ploog*, 209 F Supp 2d at 873.

*Under Rule 19(b),* if it has been decided that there is an absent, required person, it is next determined whether that person is indispensable to the action and cannot be joined. Rule 19(b) directs the court to consider (i) the extent to which a judgment rendered in the absence of that necessary party might be prejudicial to that person or to the existing parties, (ii) the extent to which the prejudice can be lessened or avoided by shaping the judgment or relief, (iii) whether judgment issued in the necessary person's absence will be adequate, and (iv) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. See *HS Resources, Inc*, 327 F3d at 439, citing *Cornhill Insurance PLC v Valsamis, Inc*, 106 F3d 80, 84 (5th Cir 1997). If the absent person is a required party under Rule 19(a) and no reason prevents joinder, the court must join that person under Rule 19(a)(2). But if joinder isn't feasible, the court must under Rule 19(b) dismiss the action or decide whether to proceed without the absent person.

Determinations as to whether a party is required under Rule 19(a) and indispensable under Rule 19(b) aren't mechanical. The court instead "must consider the practical potential for prejudice in the context of the particular factual setting presented by the case at bar." *Schlumberger Industries Inc v National Surety Corp*, 36 F3d 1274, 1286 (4th Cir 1994). This framework "requires a fact-based analysis that is controlled by 'pragmatic concerns,' with a particular emphasis on the effect on the parties and on the litigation." *PHH Mortgage Corp v Old Republic National Title Insurance Co*, 80 F4th 555, 560 (5th Cir 2023), quoting *Smith v State Farm Fire and Casualty Co*, 633 F2d 401, 405 (5th Cir 1980).

### 3. Analysis

The separate inquiries under Rule 19(a) and Rule 19(b) will be addressed in turn.

      a. Rule 19(a)

The question under Rule 19(a) is whether JIT is a "required" party. Bees360 argues that JIT must be joined because Cai's claims rely on the interpretation and enforcement of JIT's governing instruments—namely, the UAA. Dkt 62 at 12. It contends in this respect that JIT has a strong interest in its founding documents, Cai's own requested relief requires adjudication of JIT's interest in Bees360, and JIT thus must be present in this action. Dkt 64 at 3. Cai argues that the UAA is just one of the many misrepresentations at issue, and that complete relief can be afforded between the existing parties without JIT. Dkt 63 at 9.

Cai's position is simply untenable. And this is so as to all counterclaims against Bees360.

*As to Cai's breach of contract and promissory estoppel claims*, Cai acknowledges that JIT's purpose is to hold Bees360, and that the oral and written contracts he entered with Wu and Liu involve both the alleged acquisition of Bees360 by JIT and Cai's share of its profits. See Dkts 62 at 7 & 62-1. In essence, his claims seek a declaration regarding the interpretation of JIT's governing agreements, and indeed, go so far as to seek reformation of that itself. For example, see Dkt 59 at 154–62 (claim for reformation and specific performance; see also id at 35–36 (prayer for relief).

The Fifth Circuit holds that "where cancellation, reformation, or other equitable relief in respect of a contract or other instrument evidencing a right or claim is sought, all of those having or asserting an interest in the contract or instrument, or who will be affected by the decree, are indispensable parties and must be before the court." *Tucker v National Linen Service Corp*, 200 F2d 858, 863 (5th Cir 1953). Awarding Cai shares of Bees360 quite plainly requires interpretation of JIT's formative documents, namely the UAA. JIT thus has a strong interest in this enterprise, as Cai's desired reading of the UAA would oblige JIT to acquire Bees360 and/or make it a direct subsidiary.

*As to Cai's fraudulent inducement and negligent misrepresentation claims,* Cai again references the UAA and other promises made by JIT's executive officers. Putting aside the argument about JIT's interest in the interpretation of the UAA and other formative documents, Cai argues that complete relief can be accorded among the existing parties because Wu and Liu (as JIT's executive officers) "more than adequately represent the interests of JIT." Dkt 63 at 10. He cites *Moss v Princip*, 913 F3d 508 (5th Cir 2019). The Fifth Circuit there determined that a partnership was not an indispensable party when the "partnership's interests were fully represented by each of its partners, all of whom were before the court," observing that the risk of prejudice to the partnership was low when all members were already in court litigating the instant action. Id at 519.

But Bees360 correctly notes that the parties in *Moss* didn't seek reformation of the partnership's formative contract or specific performance. See id at 512. To the contrary, Cai here seeks a declaration that he owns stock in Bees360 commensurate with his stock in JIT, since Bees360 was never made a subsidiary of JIT, as promised. Dkt 59 at ¶¶115, 137. And regardless, Cai doesn't show that all of JIT's shareholders are parties, but rather, that eleven percent is unrepresented. See Dkt 29-1 at 2–3. JIT is thus again a required party as to the claims for fraudulent inducement and negligent misrepresentation.

Beyond this, Bees360 also convincingly establishes that counterclaims going forward here in the absence of JIT pose the additional risk of inconsistent judgments. For example, Bees360 could seek its own declaration in China (with JIT joined) that the relevant corporate documents show that JIT never acquired ownership of Bees360. See Dkt 62 at 13.

In sum, Cai's claims as against Bees360 directly relate to the UAA that formed JIT, as does the relief that he seeks—being his alleged ownership of Bees360 by and through his ownership interest in JIT. This means in turn that all of his claims, whether deriving in contract or tort,

9

require (at the very least) definitive interpretation of JIT's relevant corporate documents. JIT is thus a required party as to the counterclaims.

### b. Rule 19(b)

JIT having been found to be a required party under Rule 19(a), the inquiry proceeds on to consider whether this litigation can continue without JIT, or whether Cai's counterclaims must be dismissed. *HS Resources*, 327 F3d at 439. Said differently, "it is not enough to dismiss a case merely because an absent party is required under Rule 19(a); the absent party must also be found, after an examination of the Rule 19(b) factors, to be indispensable to the pending litigation." *PHH Mortgage Corp*, 80 F4th at 560–61, citing *Santiago v Honeywell International, Inc*, 768 F App'x 1000, 1005 (11th Cir 2019, *per curiam*).

JIT will plainly be prejudiced as to the breach of contract and promissory estoppel claims. A declaratory judgment granting Cai stock in Bees360 through his ownership of JIT inherently requires reformation of the UAA and JIT's relationship to Bees360. It's difficult to see how such a ruling wouldn't prejudice JIT and potentially open it (as well as Bees360, as noted above) to inconsistent judgments. True, Cai requests damages for the claims of fraud and misrepresentation, not declaratory judgment. And such relief could perhaps be fashioned as against Wu and Liu in their personal capacities without implicating Bees360 or the terms of JIT's formative documents. But while such fashioning of relief might lessen any prejudice felt by JIT, it wouldn't accord Cai the full measure that he seeks. Complete relief would include the assignment of Bees360 shares to Cai, thus implicating JIT's interests and requiring its joinder as a party.

Cai plainly has another, effective forum to pursue his claims if his countersuit is dismissed, being China. The parties dispute whether Chinese law even governs the UAA. Compare Dkt 62 at 15–22, with Dkt 63 at 13–20. But the fact remains that JIT is itself a Chinese company, and the UAA and all negotiations surrounding the terms of JIT

and Bees360's creation are alleged to have occurred in China. Dkt 59 at ¶¶1–4.

On balance, JIT is an indispensable party to the action brought by Cai. His counterclaims simply cannot justly go forward in its absence. Cai elsewhere makes clear that he has been unable to, and cannot, issue a summons to JIT. Dkt 50 at 1; see also Dkt 62 at 14. The counterclaims brought by Cai must therefore be dismissed for failure to join JIT.

### 4. Disposition

Cai originally named JIT as a nominal defendant when first bringing his own claims in this action. See Dkts 4, 22–23 & 34–35 (Cai filings naming JIT as nominal defendant). The parties together also referred to JIT as a nominal defendant in several filings along the way. See Dkts 26 (joint discovery and case management plan) & 41 (joint stipulation to stay discovery). They even included this statement in a joint status report in December 2023:

> The parties agree that JIT is an indispensable party as to some of Cai's claims as it relates to relief seeking indirect ownership of Bees360, but disagree as to whether JIT is an indispensable party for Bees360's claims and Cai's claims for direct ownership of Bees360 and for monetary damages. Cai does not believe that JIT is an indispensable party to all of its claims and Bees360, Liu, and Wu believe that JIT is indispensable for all of Cai's claims.

Dkt 44 at 1.

It's clear that Bees360 and Cai both reference JIT repeatedly in the factual allegations of their live pleadings. See Dkts 1-3 at ¶¶7–14, 16–17 (complaint) & 59 at ¶¶ 13–16, 19–31, 33, 35, 39–44, 46–56, 58–70, 76–77 (second amended counterclaim). And the complaint by Bees360 solely and expressly seeks "a declaratory judgment that Zhuhua Cai *and Shenzhen Jufeng Intelligent Technology Co., Ltd.* are not owners in any proportion of Bees360 and

11

are not otherwise entitled to make demand to inspect Bees360's books and records." Dkt 1-3 at ¶20 (emphasis added). The counterclaim by Cai likewise goes so far as to allege that the funds and assets of Bees360 and JIT are commingled, that "equitable ownership" interests are identical in both, and that "JIT and Bees360 are one and the same—a single business entity." Dkt 59 at ¶¶64, 66, 68.

It's thus been quite notable that JIT is absent as a named party, which necessarily means that it hasn't been here to defend or advocate its own interests in the first instance—which interests could entail partial ownership of a US corporation. The undersigned thus long ago noted concern about the relief that both parties were seeking here with respect to JIT, especially given the connection of Bees360 to artificial-intelligence technology. For example, See Dkt 27 (minute entry, initial conference): "The parties were ADMONISHED regarding the dictates of Rule 11 of the Federal Rules of Civil Procedure. No party should use this litigation as a vehicle by which to resolve ownership interests in a US corporation that a foreign national or corporation isn't entitled to own under US law."

In the conclusion of its motion to dismiss Cai's counterclaims, Bees360 in the alternative "asks that the Court dismiss the entire case pursuant to FED. R. CIV. P. 12(b)(7) and/or the doctrine of *forum non conveniens*." Dkt 62 at 23. Whether or not that request was driven upon better reflection under Rule 11, such request for relief is appropriate under the above facts and circumstances.

This action will be dismissed without prejudice under Rule 12(b)(7).

### 5. Conclusion

The motion to dismiss counterclaims for failure to join an indispensable party and on *forum non conveniens* by Counter-Defendant Bees360 is GRANTED, limited to grounds stated under Rule 12(b)(7). Dkt 62 at 22.

Its further request to dismiss this entire action on those same grounds is also GRANTED. Id at 23.

This action is DISMISSED WITHOUT PREJUDICE.
This is a FINAL JUDGMENT.
SO ORDERED.
Signed on March 31, 2025, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge